In the matter of the appeal of ALBERTUS LEWIS *vs.* THE CITY OF UTICA.

A party, by assenting to proceedings, aiding them, and approving them, until others act upon his assent and approval, contributes to the creation of an *estoppel* against himself, which binds him.

Proceedings taken for the opening of a new street in a city, up to the time of the first meeting of the commissioners, were had with the implied assent and approval of the appellant. He appeared at that meeting, and stated that he was an owner of land to be taken, and consented and desired that the street should be opened, "and in that way was a petitioner." He made no objection to the proceedings, until after the report of the commissioners was filed and he was informed of their conclusion. *Held*, that he could not be heard to raise technical objections to the proceedings he had thus promoted, assented to, and co-operated in until after a report therein was made which was a surprise upon him in respect to the amount of the assessment. His appeal was therefore dismissed.

In such a case, the maxim that "he who will not speak when he should, shall not speak when he would" applies.

PROCEEDINGS to open a new street, 500 feet from Mohawk street in the city of Utica. Commissioners were appointed by the recorder's court of the city of Utica, March 10, 1875, and an appeal taken by Albertus Lewis. It came on to be heard at the Lewis Special Term, and as there were disputed questions of fact, an order appointing H. C. Miller, Esq., referee, to take and report evidence, and his conclusions on the facts, was made. His report is now brought before the court, together with the original papers of the appeal.

*J. M. Lindsley*, for the appellant.

*O. A. White and J. D. Kernan*, for the city.

HARDIN, J. Section 90 of the charter of the city of Utica provides that "the qualification of the commissioners appointed under this section shall not be questioned by any person interested, except such as shall have appeared at the time of their appointment and specified their objections in writing to the court." The

objection of the appellant, that the papers used before the recorder did not show that the commissioners were freeholders, &c., must be overruled. It appears by the report of the referee that the commissioners were freeholders, &c., and therefore there is no force in the objection.

Section 94 of the charter provides that "the only grounds of appeal shall be a want of conformity of the proceedings to the provisions of this act; the propriety or utility of the improvement, or the equity of the award for damages or the assessment shall not be questioned on such appeal." The objection of the appellant to the expenses for printing, and to the commissioners' fees, or surveyors' fees, and serving notices, must likewise be overruled, in obedience to the language just quoted from § 94 of the charter; notwithstanding the quotation in the appellant's brief from page 462 of *Cooley on Taxation*.

The petition upon which the proceedings were founded was signed by Pheba C. Lewis, the mother of the appellant; and Ransom Lewis, his father, aided in getting up the petition therefor. They both resided on the premises affected, and Albertus Lewis, their son, resided with them; and the referee finds that the subsequent "proceedings had thereon, up to the time of the first meeting of the commissioners, were had with his implied assent and approval." The referee also finds that "at the first meeting of said commissioners for the purpose of taking evidence, said Albertus Lewis appeared with others interested therein. That he stated that he was an *owner* of land to be taken. * * He had met with them and *consented* and desired the said street should be opened, and in that way was a petitioner."

The referee finds "that said Albertus Lewis made no objection to said proceedings until after the report of the commissioners was filed and he was informed of their conclusion."

It is a familiar rule, that he who will not speak when he should, shall not speak when he would. A party, by assenting to proceedings, aiding them, and approving them, until others act upon his assent and approval, contributes to the creation of an estoppel against himself which binds him.

It has been repeatedly held that a party may waive a statutory and even a constitutional provision in his favor. (*Embury* v. *Conner*, 3 *N. Y.*, 511. 8 *Bosw.*, 103. *Houston* v. *Wheeler*, 52 *N. Y.*, 641. *Phyfe* v. *Eimer*, 45 *id.*, 102. 38 *How.*, 308.)

These principles applied to the facts found by the referee lead to the conclusion that Albertus Lewis cannot be heard to raise technical objections to the proceedings he has promoted, assented to and co-operated in, until after a report therein was made which was a surprise to him as to the amount of the assessment of lands, to protect which he appeared in the proceedings.

The appeal must be dismissed, with costs. (§ 94 *of Charter*.)

